UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16cv62753

YAZAN SALEH,

     Plaintiff,

v.

ENHANCED RECOVERY COMPANY, LLC,

     Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

     Plaintiff YAZAN SALEH ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant ENHANCED RECOVERY COMPANY, LLC. ("Defendant"), to wit, for Defendant's violations of 47 U.S.C. § 227, the Telephone Consumer Protection Act (the "TCPA"), and 15 U.S.C §1692, the Fair Debt Collection Practices Act (the "FDCPA"), and in support thereof, Plaintiff states the following:

**NATURE OF ACTION**

**I.**     *THE TELEPHONE CONSUMER PROTECTION ACT*

    1.     The TCPA prohibits "any person within the United States … to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . " 47 U.S.C. § 227(b)(1)(A).

2.      The TCPA defines "automatic telephone dialing system" or "ATDS" as "equipment which has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

3.      The TCPA provides for a private right of action under which persons and entities may obtain injunctive or monetary relief for violations of the Act, including statutory damages of $ 500 per violation. *Id.* § 227(b)(3). Statutory damages may be trebled if the violator is found to have acted willfully or knowingly. Id.

## II.      THE FAIR DEBT COLLECTION PRACTICES ACT

4.      The FDCPA is a series of statutes which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure [sic] that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

5.      In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

6.      The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collection and provides for specific consumer

rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

7.      Section 1692d of the FDCPA prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The six subsections of §1692d set forth a non-exhaustive list of practices that fall within this ban, including but not limited to:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
> …
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity

15 U.S.C. § 1692d.

8.      As set forth in more detail below, Defendant has violated the aforementioned provisions of the TCPA and FDCPA, and as a result, Plaintiff seeks damages and/or injunctive relief for the same.

## JURISDICTION AND VENUE

9.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

10.     Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

11.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

12.     Defendant is a Delaware corporation, with its principal place of business located in Jacksonville, Florida.

13.     Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose of financial services involves collecting debts it is owed.

14.     At all times material, Defendant was acting as a debt collector in respect to the collection of a third-party's debts.

## FACTUAL ALLEGATIONS

15.     On or about July, 2016, Plaintiff became the holder and/or owner of a cellular telephone, whereby the telephone number assigned to such cellular telephone ends in "7999." ("Plaintiff's Cellphone").

16.     On a date better known by Defendant, without Plaintiff's knowledge or consent, Defendant commenced its incessant calling campaign in an attempt to locate and/or collect a debt from an individual other than Plaintiff (the "Third-Party").

17.     In attempting to collect the aforementioned debt (the "Third-Party's Debt"), Defendant regularly called Plaintiff's Cellphone.

18.     Plaintiff has not, at any time material hereto, provided his cellular telephone number to Defendant for the purpose which Defendant was calling, nor did Plaintiff consent to Defendant calling his cellular telephone.

19.     On information and belief, the Third-Party's Debt is a debt which the Third-Party incurred primarily for personal, family, or household purposes.

20.     The Third-Party's Debt a "debt" governed by the FCCPA. *See* 15 U.S.C §1692a(5).

21.     Defendant utilized an ATDS and/or an artificial/prerecorded voice message when it and/or its agents called Plaintiff.

22.     Defendant's use of an ATDS to call Plaintiff's Cellphone is evidenced by, *inter alia*, the distinct pause Plaintiff would regularly notice upon answering the calls Defendant placed to Plaintiff's Cellphone.

23.     Defendant's use of an artificial/prerecorded voice is evidenced by the pre-recorded message Plaintiff would hear upon answering the calls Defendant placed to Plaintiff's Cellphone, whereby such would play after the aforenoted distinct pause.

24.     On several occasions, Plaintiff repeatedly told Defendant that he (Plaintiff) was not the Third-Party and to stop calling Plaintiff's Cellphone.

25.     Despite Plaintiff's instructions to the contrary, Defendant continued to place repeated, automatically dialed telephone calls to Plaintiff's Cellphone.

26.     At minimum, Defendant has placed a minimum of thirty (30) calls to Plaintiff's Cellphone in an attempt to contact the Third-Party.

27.     As of the filing of this action, Defendant's willful and knowing practice of placing numerous and repeated automatically dialed or prerecorded telephone calls to Plaintiff's cellular telephone continues unabated.

## COUNT I
## <u>VIOLATION OF THE TCPA</u>

28.     Plaintiff incorporates by reference paragraphs 15-27 of this Complaint as though fully stated herein.

29.     The TCPA provides, in relevant part:

> It shall be unlawful for any person within the United States... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a paging service, cellular telephone service ... or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii).

30.      Here, Defendant and/or its agents placed, at minimum, thirty (30) unsolicited telephone calls to Plaintiff Cellphone and utilized an ATDS and/or an artificial/prerecorded voice message in making such calls.

31.      As set forth in more detail above, Defendant's use of an ATDS is exemplified by, *inter alia*, the district pause Plaintiff would perceive upon answering Defendant's telephone call, and Defendant's use of an artificial/prerecorded voice is exemplified by, *iner alia*, the pre-recorded message which would play after such pause.

32.      Because Defendant was attempting to contact the Third-Party, all calls Defendant made to Plaintiff's Cellular were made without Plaintiff's consent.

33.      More critically, all calls Defendant placed to Plaintiff's Cellphone after Plaintiff had explicitly told Defendant that Plaintiff was not the Third-Party and/or to stop calling were calls Defendant made knowing full-well that Defendant was *not* calling the Third-Party.

34.      Even after receiving unequivocal instructions/information to the contrary, to wit, to stop calling Plaintiff and/or that the number dialed was not that of the Third-Party's, Defendant continues to place an egregious number calls to Plaintiff Cellphone through use of an ATDS and prerecorded voice.

35.    In light of the preceding, Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii), and as a result, Plaintiff suffered actual damages in the form of monies paid to receive unsolicited telephone calls.

## COUNT II.
## VIOLATION OF THE FDCPA

36.    Plaintiff incorporates by reference paragraphs 15-27 of this Complaint as though fully stated herein.

37.    To establish a claim under the FDCPA, the plaintiff must show: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Pescatrice v. Orovitz, P.A., 539 F.Supp.2d 1375, 1378 (S.D.Fla.2008).

38.    The Eleventh Circuit has adopted the "least sophisticated consumer" standard in reviewing alleged violations of the FDCPA. *See* Beeders v. Gulf Coast Collection Bureau, 796 F.Supp.2d 1335, 1338; Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985). The purpose of the least-sophisticated consumer standard is to ensure the protection of the gullible as well as the shrewd. *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. Fla. 2010). "A court applies this objective standard… to protect consumers against deceptive debt collection practices and to protect debt collectors from unreasonable constructions of their communications." Green v. Douglas, Knight & Assocs. (In re Cheaves), 439 B.R. 220 (Bankr. M.D. Fla. 2010).

39.    In light of the forgoing, Defendant violated the FDCPA, to wit:

(a)    Section 1692d(5) by causing Plaintiff's Cellphone to ring or Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

(b)     Section 1692d(6) the placement of calls to Plaintiff's Cellphone without meaningful disclosure of the Defendant's identity.

40.     As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and court costs.

## DEMAND FOR JURY TRIAL

41.     Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)     Statutory damages of $500.00 for each TCPA violation determined to be negligent, pursuant to 47 U.S.C. § 227(b)(3)(B);

(b)     Treble damages of $1,500.00 for each TCPA violation determined to be willful and/or knowing, pursuant to 47 U.S.C. § 227(b)(3)(C);

(c)     Actual damages for the TCPA violations committed by the Defendant.

(d)     Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Third-Party Debt.

(e)     An injunction requiring Defendant to cease all unsolicited telephone calling activities;

(f)     Costs and reasonable attorneys' fees as provided by 15 U.S.C. §1692k.

(g)     Any other relief that this Court deems appropriate and just under the circumstances.

[*REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK*]

DATED: November 21, 2016

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:        855-529-9540

AND

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:    954-543-1325
Fax:        954-507-9975

*COUNSEL FOR PLAINTIFF*